UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL NO. 10-CR-02-DLB-5

UNITED STATES OF AMERICA,                                      PLAINTIFF,

V.                  **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

LARRY MEEK,                                                  DEFENDANT.

* * * * * * * * * * *

This matter came before the Court pursuant to a Supervised Release Violation Report filed by the United States Probation Office on July 5, 2011. [R. 234]. The report outlines four alleged violations of the terms of Defendant Larry Meek's supervised release. [Id.].

On July 21, 2011, the Court held an initial appearance on the alleged violations of supervised release. Defendant was present and represented by appointed counsel, Richard Hughes, and Assistant United States Attorney Lindsay Hughes Thurston was present on behalf of the United States. United States Probation Officer Michael Jones was also present. Defendant waived his right to a final hearing, as well as his right of allocution before the District Judge, and admitted to the findings in the violation report. Specifically, Defendant stipulated to Violations # 1 and # 2 as outlined in the report. [R. 234]. The United States then made an oral motion to dismiss Violations # 3 and # 4.

The Court, being fully advised, and after determining the voluntariness and factual basis for the stipulations, makes the following proposed Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

(1)       On June 5, 2011, at approximately 6:20 p.m., Defendant was arrested by Kentucky

State Police Trooper Copley and charged with the following crimes: Operating on a Suspended or Revoked License; Disregarding Traffic Control Device (traffic light); and Operating Motor Vehicle Under the Influence of Alcohol or Drugs. (Boyd District Court case no. 11-T-04299).

(2) On June 18, 2011, at approximately 11:21 p.m., Defendant was arrested by Kentucky State Police Trooper Kirk and charged with the following crimes: Failure to Produce Insurance Card; Operating on a Suspended/ Revoked License; Operating Motor Vehicle Under the Influence of Alcohol/ Drugs. (Boyd District Court case no. 11-T-04612). Defendant admitted that he had also taken his prescribed Lortab 10mg approximately 1600 hours prior to that date.

(3) Defendant admitted to drinking alcohol on two separate occasions: while playing poker a few weekends prior to Memorial Day and during Memorial Day weekend with his family.

(4) Defendant failed to immediately (within 72 hours) notify his Probation Officer that he received prescription for Lortab 10 mg, although he did eventually notify USPO that he received a prescription for a medication containing a controlled substance.

(5) Defendant is currently participating in an education program and working toward obtaining his GED. He is also employed.

## CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. § 3583(e)(3), the above stipulations establish, by a preponderance of the evidence, that Defendant has violated the following conditions of his supervision:

(1) The Defendant shall not commit another federal, state, or local crime.
(2) The Defendant shall abstain from the use of alcohol.

Under United States Sentencing Guidelines §7B1.4(a), the most serious of the violations committed by Defendant is a Grade C violation. Under §7B1.4(a), and based on Defendant's Criminal History Category of I, the guideline range of imprisonment would be 3 to 9 months. The

maximum statutory period of imprisonment would be a term of not more than twenty-four (24) months. See 18 U.S.C. § 3583(e)(3). The maximum reimposition term of supervised release would be a term of not more than 36 months, less any imprisonment that is imposed upon revocation of supervised release. See 18 U.S.C. § 3583(h). The Guidelines are only advisory in nature and should be considered by the District Judge along with all relevant factors in exercising his discretion in sentencing the defendant.

## ANALYSIS

In reaching a sentencing recommendation, the undersigned must consider the factors set forth in 18 U.S.C. § 3553(a). First, the nature and circumstances of the offenses committed by Defendant indicate that he has been using alcohol while under supervision. Defendant also took Lortab 10 mg, but the substance was taken as prescribed and does not necessarily indicate substance abuse. Defendant has also operated his vehicle under a suspended license. See 18 U.S.C. § 3553(a)(1).

The Court must also consider the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Meek was released from custody on December 15, 2010, following a six (6) month term of imprisonment for violation of 18 U.S.C. § 922(a)(6) and § 924(a)(2), Making a False Statement During the Purchase of a Firearm. [R. 234]. Upon commencement of his two-year term of supervised release, Defendant was referred to outpatient substance abuse counseling and treatment sessions. [R. 234]. According to the USPO report, Defendant's living situation has been "transient." On the other hand, Defendant advised the Court at the July 21, 2011, hearing that he is currently employed and working on obtaining his GED. He also apologized for his "mistakes."

Further, the recommended sentence must afford adequate deterrence to criminal conduct and promote respect for the law. See 18 U.S.C. § 3553(a)(2)(A) - (B). As already noted, Defendant has

served a six (6) month sentence for making a false statement during the purchase of a firearm. During the last few months of his supervised release term, Defendant was charged with committing two state crimes. Both crimes involved the use of alcohol and driving on a suspended license. These new violations demonstrate a lack of respect for the law. Additionally, the state crimes committed by Defendant, particularly operating a motor vehicle under the influence of alcohol, placed the public in danger. Clearly, supervision was not sufficient to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(2)(C).

Next, the recommended sentence must "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Meek is currently working toward his GED and could continue in those efforts while incarcerated. Aside from his issues with alcohol abuse, for which treatment could be beneficial, Defendant has no other known health conditions.

Finally, in determining a sentence, the undersigned must also consider the applicable guideline range and any pertinent policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3553(a)(4) - (5). As noted earlier, however, the Guidelines are only advisory and must be considered along with other relevant factors in sentencing the defendant. The recommended sentence should avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct and should take into account the need to provide restitution to any victims. See 18 U.S.C. § 3553(a)(6) - (7).

## **RECOMMENDATION**

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That Defendant, Larry Meek, be found GUILTY as to allegations set forth in

Violation # 1 and Violation # 2 of the Report [R. 234];

  (2) That the allegations contained in Violation # 3 and Violation # 4 be DISMISSED;

  (3) That Defendant, having waived his right of allocution before United States District Judge David L. Bunning and exercised that right before the undersigned, be sentenced without delay;

  (4) That Defendant be sentenced to the custody of the Attorney General for a period of SIX (6) MONTHS. The period of incarceration shall not be deducted from Defendant's period of supervised release. Following release from incarceration, Defendant shall complete his unexpired term of supervised release.

  Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

  Signed July 26, 2011.

Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge